UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 25-10388-MWF (AJRx)**          **Date:  February 3, 2026**
Title:      Jonathan Parvizand v. Mastercraft Boat Company, LLC et al

Present:    The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings (In Chambers):**  ORDER DENYING PLAINTIFF'S MOTION TO REMAND [13]

Before the Court is a Motion to Remand (the "Motion") filed by Plaintiff Johnathan Parvizand on November 26, 2025.  (Docket No. 13).  Defendant Mastercraft Boat Company LLC filed an Opposition on January 5, 2026.  (Docket No. 17).  Plaintiff filed a Reply on January 12, 2026.  (Docket No. 19).

The Court has considered the papers filed in connection with the Motion and held a hearing on **February 2, 2026**.

The Motion is **DENIED**.  Defendant has carried its burden of establishing that removal was proper based on diversity jurisdiction.

## I.    BACKGROUND

On July 15, 2020, Plaintiff purchased a new 2020 MasterCraft X22 (the "Boat") manufactured by Defendant.  (Complaint (Docket No. 1-1) ¶¶ 5–6).  The purchase price of the Boat was $180,931.25.  (Declaration of Debora Rabieian ("Rabieian Decl.") (Docket No. 13-2), Ex. 1 (Purchase Agreement) at 1).  In connection with the purchase, Plaintiff received various warranties.  (Complaint ¶ 7).  Since the purchase, Plaintiff alleges various defects manifested in the Boat.  (*Id.* ¶¶ 9–10).  Plaintiff delivered the Boat to Defendant's authorized service and repair facility but alleges that the Boat was not conformed to the applicable warranties.  (*Id.* ¶¶ 11-2).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  **CV 25-10388-MWF (AJRx)**                **Date:  February 3, 2026**
Title:       Jonathan Parvizand v. Mastercraft Boat Company, LLC et al

Based on the above allegations, Plaintiff brings two claims for relief under the Song–Beverly Act ("SBA"): (1) breach of implied warranty of merchantability and (2) breach of express warranty.  (*Id.* ¶¶ 14–34).  Plaintiff seeks, among other forms of relief, "replacement or restitution" and "a civil penalty as provided in [the SBA], in an amount not to exceed two times the amount of Plaintiff's actual damages."  (*Id.* at 9 (listing relief sought in Prayer for Relief)).

Plaintiff commenced this action in Los Angeles County Superior Court on September 16, 2025.  (*See generally* Complaint).  Defendant filed an Answer on October 20, 2025.  (Docket No. 1-4).  On October 29, 2025, Defendant removed this action on the basis of diversity jurisdiction.  (Notice of Removal ("NOR") (Docket No. 1)).

## II.   **LEGAL STANDARD**

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]"  28 U.S.C. § 1441(a).  Federal courts have original jurisdiction where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000.  *Id.* § 1441(a).  A removing defendant bears the burden of establishing that removal is proper.  *See Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant").  If there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court.  *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").  Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).

---

CIVIL MINUTES—GENERAL                                                    2

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 25-10388-MWF (AJRx)**                    **Date:  February 3, 2026**
Title:      Jonathan Parvizand v. Mastercraft Boat Company, LLC et al

## III.   **DISCUSSION**

Plaintiff challenges the removal of this action from state court on three separate bases: (1) the complete diversity of the parties; (2) the amount in controversy; and (3) principles of comity.  (*See generally* Motion).

### A.      **Diversity of Citizenship**

Plaintiff first argues that Defendant has failed to establish complete diversity because it did not provide "clear and unequivocal proof of [Plaintiff's] domicile" in California in its Notice of Removal.  (Motion at 3–4).

"But a notice of removal 'need not contain evidentiary submissions.'" *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 925 (9th Cir. 2019) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014)).  Following a defendant's removal, a plaintiff may either make a "'facial' or 'factual' attack on defendant's jurisdictional allegations." *Harris v. KM Industrial*, 980 F.3d 694, 700 (9th Cir. 2020).  "Only upon a *factual* attack does [the defendant] have an affirmative obligation to support jurisdictional allegations with proof." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 614 (9th Cir. 2016) (emphasis added).

Here, Plaintiff only contests the sufficiency of Defendant's citizenship allegations, not their truth, which constitutes a facial attack.  *See Harris*, 980 F.3d at 699.  Should Plaintiff have wished to factually attack Defendant's allegations, he should have presented competing evidence or reasoned argument undermining Defendant's factual allegations.

Defendant need only "include a plausible allegation" of jurisdictional facts to survive a facial attack, *see Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 964 (9th Cir. 2020), and Defendant's allegations in the NOR are sufficient to meet the plausibility standard.  Defendant alleges Plaintiff is a citizen of California based on information in the Purchase Agreement and public records searches.  (NOR ¶ 10).  The Purchase Agreement indicates that Plaintiff has a California address (Purchase Agreement at 1),

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV 25-10388-MWF (AJRx)                          **Date:** February 3, 2026
**Title:**     Jonathan Parvizand v. Mastercraft Boat Company, LLC et al

so even if Plaintiff mounted a factual challenge, there is sufficient evidence to support Defendant's allegation that Plaintiff is a citizen of California.

Plaintiff also relies on *Kanter v. Warner-Lambert Co.*, 265 F.3d 853 (9th Cir. 2001), for the argument that his alleged residency alone is insufficient to establish a party's citizenship.  (Motion at 3).  While the court in *Kanter* found the defendant's assertion regarding the plaintiffs' residency was insufficient to establish complete diversity, the court made its determination based on "[defendant]'s failure to specify [p]laintiffs' state citizenship" as the defendant ***only*** alleged the plaintiffs' state of residence.  *Kanter*, 265 F. 3d at 857–58 ("Since the party asserting diversity jurisdiction bears the burden of proof, [the defendant]'s failure to specify [p]laintiffs' state citizenship was fatal to [d]efendants' assertion of diversity jurisdiction." (internal citation omitted)).  In *Kanter*, therefore, the defendant failed to include any allegation of the plaintiff's citizenship in its notice of removal.

Here, in contrast to the defendant in *Kanter*, Defendant alleges that Plaintiff is a ***citizen*** of California based on public records searches and the address he provided in the Purchase Agreement.  (NOR ¶ 10; Purchase Agreement at 1).  Absent evidence or argument that Plaintiff is not a citizen of California — *i.e.*, a factual challenge — Defendant's allegations are sufficient.  *See, e.g.*, *Potts v. Ford Motor Co.*, Case No. CV 21-256-BEN (BGS), 2021 WL 2014796, at *4 (S.D. Cal. May 20, 2021) ("Where the unrebutted evidence shows Plaintiffs reside in California, the Court may treat it as prima facie evidence of domicile and citizenship." (internal quotations omitted)); *Canesco v. Ford Motor Co.*, 570 F. Supp. 3d 872, 885–87 (S.D. Cal. Nov. 4, 2021) (concluding that the defendant established the plaintiff's citizenship in its notice of removal by relying on the plaintiff's stated address in a purchase contract).

Accordingly, Defendant has made a sufficient showing that Plaintiff is a citizen of California and that complete diversity exists with Defendant, which is a citizen of Delaware and Tennessee.  (*See* NOR ¶ 11).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  **CV 25-10388-MWF (AJRx)**                    **Date:  February 3, 2026**
Title:      Jonathan Parvizand v. Mastercraft Boat Company, LLC et al

### B.      Amount in Controversy

Next, Plaintiff argues that the alleged amount in controversy, based on actual damages, civil penalties, and attorney's fees available under the SBA, is too speculative and therefore insufficient to establish jurisdiction.  (Motion at 5–8).

As to damages, Plaintiff seeks restitution under the SBA (*see* Complaint at 9), and "[i]n the case of restitution, the manufacturer shall make restitution in an amount equal to the actual price paid or payable by the buyer[.]"  Cal. Civ. Code § 1793.2(d)(2)(B).  Here, the Purchase Agreement submitted by both parties indicates that Plaintiff agreed to pay $180,956.25 for the Boat.  (Purchase Agreement at 1). Defendant has therefore adequately presented evidence that the actual damages in controversy is $180,956.25.  *See, e.g.*, *Guaschino v. Hyundai Motor Am.*, Case No. CV 23-04354-MWF (JPRx), 2023 WL 5165548, at *3 (C.D. Cal. Aug. 10, 2023); *Amavizca v. Nissan N. Am., Inc.*, Case No. EDCV 22-2256-JAK (KKx), 2023 WL 3020489, at *3 (C.D. Cal. Apr. 19, 2023) (applying full purchase agreement price to calculation of actual damages to sales contract that required payments until 2025).

Defendant's inclusion of civil penalties is also proper.  A plaintiff who establishes that a violation of the SBA was willful may recover civil penalties of up to two times the amount of actual damages.  Cal. Civ. Code § 1794(c).  A court may consider civil penalties in assessing the amount in controversy for an SBA claim. *Zepeda v. Ford Motor Co.*, No. EDCV 25-01464-MWF (SHKx), 2025 WL 2650358, at *2–3 (C.D. Cal. Sept. 16, 2025); *see also Letter*, 2025 WL 3187652, at *4 ("Civil penalties are a key component of the relief sought in Song-Beverly actions, and they are undoubtedly part of what is at stake — or in controversy — in the litigation." (cleaned up)).  Proof of liability is not a prerequisite to including civil penalties in the amount in controversy, as that would nonsensically require a defendant "to prove the case against itself."  *Rahman v. FCA US LLC*, No. 2:21-cv-02584-SB (JCx), 2021 WL 2285102, at *2 (C.D. Cal. June 4, 2021).  Here, civil penalties may be considered as Plaintiff seeks the maximum penalties available under the SBA and alleges that Defendant's conduct was "intentional[]" and "knowing."  (Complaint at 9; *id.* ¶¶ 20, 31).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** **CV 25-10388-MWF (AJRx)**                **Date:** **February 3, 2026**
Title:        Jonathan Parvizand v. Mastercraft Boat Company, LLC et al

Plaintiff correctly points out that any damages must be offset by amounts attributable to his prior use of the Boat. *See* Cal. Civ. Code § 1793.2(d)(2). But Plaintiff does not offer evidence or calculations — or even reasonable argument — indicating that the amount in controversy is not met due to any statutory offset. Indeed, given the $180,956.26 purchase price and inclusion of two-times civil penalties, "[t]he Court would have to draw some rather unlikely inferences to find that the amount in controversy would not be met" based on the use offset alone. *See Brooks v. Ford Motor Co.*, Case No. CV 20-302-DSF (KKx), 2020 WL 2731830, at *3 (C.D. Cal. May 26, 2020) (rejecting similar argument).

Accordingly, Defendant has made a sufficient showing that the amount in controversy threshold is met. Because the threshold is clearly met with only the alleged actual damages plus civil penalties, the Court need not consider Plaintiff's argument regarding the inclusion of attorney's fees. (Motion at 7–8).

### C.    <u>Comity Principles</u>

Finally, Plaintiff argues that, even if this Court has diversity jurisdiction, it should decline to exercise it in consideration of comity principles. (Motion at 8–11).

The Court generally "does not have authority to decline to exercise its diversity jurisdiction." *Garcia v. Ford Motor Co.*, Case No. CV 24-00563-KJM-DB, 2024 WL 3357004, at *4 (E.D. Cal. July 9, 2024) (rejecting similar comity argument in lemon law action). To the contrary, federal courts have a "virtually unflagging obligation" to exercise the jurisdiction given to them. *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976).

Plaintiff cites *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.,* 545 U.S. 308, 313 (2005), for the proposition that a court may "veto" its diversity jurisdiction out of comity principles. (Motion at 8). But *Grable & Sons* discussed only "arising under" federal question jurisdiction, explaining that "even when [a] state action discloses a contested and substantial federal question, the exercise of federal jurisdiction is subject to a possible veto." 545 U.S. at 313. Diversity jurisdiction under 28 U.S.C. § 1332 is, of course, a separate and independent basis for jurisdiction.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** **CV 25-10388-MWF (AJRx)**          **Date:** **February 3, 2026**
Title:      Jonathan Parvizand v. Mastercraft Boat Company, LLC et al

Plaintiff cites no authority extending comity considerations to the exercise of diversity jurisdiction.

Accordingly, the Motion is **DENIED**.

IT IS SO ORDERED.